2024 IL App (2d) 230481-U
No. 2-23-0481
Order filed January 26, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-2401 |
| JUDD J. NILLES, | ) ) ) | Honorable John A. Barsanti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BIRKETT delivered the judgment of the court.
Justices Schostok and Kennedy concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The trial court's determinations that the proof was evidence or the presumption great that defendant likely committed the charged offenses and that no conditions would mitigate defendant's threat to the victims or the community were not against the manifest weight of the evidence. The trial court did not abuse its discretion in ordering defendant's detention.

¶ 2   Defendant, Judd J. Nilles, timely appeals, under Illinois Supreme Court Rule 604(h) (eff.

Oct. 19, 2023), the order of the circuit court of Kane County denying pretrial release pursuant to

Public Acts 101-562 and 102-1104 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness

Act (Act).[1] Defendant argues that the State failed to meet its burden (1) of proving that defendant likely committed the charged offenses and (2) of proving that no conditions could mitigate his real and present threat to the victims in the charged offenses or the community. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On November 6, 2023, defendant was involved in an altercation with Denna Nilles, his estranged wife, and her boyfriend, Jarrod Fortner. The three were present at defendant's residence in St. Charles, Illinois. The record shows that Nilles was in violation of a bond order to neither have any contact with defendant nor be present at defendant's residence. The record further shows that Nilles and defendant are currently engaged in divorce proceedings.

¶ 5     According to the State's proffer, defendant threatened Fortner with a large hunting knife and, once Fortner had departed the residence, locked the door to keep Fortner out. At the same time, Nilles remained within the residence, and defendant piled items in front of the door to prevent Nilles from leaving. As defendant was doing this, Nilles was removing the items and unlocking locks on the door. A video recording was made of the altercation, and the responding police officers viewed the recording. Defendant is heard on the recording saying to Nilles, "You're not leaving." When Nilles was about to leave, defendant struck her on her back, the back of the neck, and the back of her head with a large steel pipe. Seeing this, Fortner reentered defendant's residence to help Nilles. Defendant struck Fortner on the left arm with the steel pipe. Fortner and Nilles told the police that the three of them all lived together in defendant's residence. Fortner and Nilles were examined at a hospital and had no serious injuries.

---

[1]The Act has also been referred to as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public acts.

¶ 6    As a result of the altercation, defendant was charged with eight counts, including domestic battery (720 ILCS 5/12-3.2 (West 2022)), a detainable offense (725 ILCS 5/110-6.1(a)(4) (West 2022)). In addition, defendant had prior convictions for a 1988 burglary, a 2007 false report to 911, and a 2013 driving under the influence (DUI) offense. He also had six pending cases at the time of the charged offenses, including an aggravated domestic battery, an aggravated DUI, disorderly conduct and resisting arrest, violation of a domestic violence bail bond, violation of an order of protection, and driving while license revoked, all occurring between June and October 2023. The State argued that the pending cases all involved violent or bizarre behavior, alcohol and drug use, and a flat inability to follow any conditions of pretrial release. The State argued that, because defendant had repeatedly committed new offenses while he was on pretrial release with conditions, including the instant offense which was committed while he was on pretrial release with maximum conditions, defendant had amply demonstrated that he would not obey court orders, and it was finally time to protect the community and order defendant's detention.

¶ 7    Defendant argued that the State's proffer failed to prove by clear and convincing evidence that the proof was evident or the presumption great that defendant committed the charged offenses. Defendant argued that the evidence presented in the police synopsis of the offense was provided by Nilles, who was obviously antagonistic to defendant, and who had lied to police by representing she lived at defendant's residence. In fact, Nilles was forbidden to have contact with defendant or to be at his residence as conditions of bond in another, unrelated, felony-level case, No. 23-CF-1667. Defendant argued that, additionally, Nilles and Fortner had showed up at defendant's home, where they were not permitted to be, so the inference that defendant initiated a violent altercation was unsupported, and the inference that defendant was simply defending himself from unlawful intruders was supported.

¶ 8    Defendant also argued that the State failed to prove that no conditions existed that could mitigate the threat posed by defendant. According to defendant, the evidence supported only that he and Nilles should not have contact because the altercation was instigated when Nilles improperly visited defendant's residence. Had Nilles chosen to obey the conditions of her bond in her felony-level case, the altercation would not have occurred. Defendant reasoned that the evidence clearly showed that there was no need to mitigate any threat posed by defendant where defendant was abiding by the conditions of his pretrial release and was accosted at his residence. Defendant concluded that, if no-contact conditions were instituted in this case, defendant would pose no threat to Nilles or the community because the circumstances of this offense showed that defendant was compliant with the conditions of his pretrial release.

¶ 9    The State, in rebuttal, argued that Nilles's violation of her bond did not excuse defendant's conduct in this case. The evidence, which was confirmed by the observations of the responding officers and documented by the video recording, demonstrated that defendant attempted to lock Nilles inside of his residence while forbidding her from leaving. When Nilles tried to leave, defendant struck her in the back of the head with a steel pipe, and when Fortner tried to intervene, defendant struck him. According to the State, the circumstances of the offense demonstrated that defendant posed a danger to the victims and the community. The circumstances of the other cases, including the violation of an order of protection against another individual, his use of weapons in another pending case, his altercations with police, all underscored the real and present threat posed by defendant. The fact that he continued to commit offenses while on pretrial release with conditions indicated that there were no conditions remaining that could mitigate defendant's threat.

¶ 10    The trial court granted the State's petition. The court found that the State proved, by clear and convincing evidence, that the proof was evident and the presumption great that defendant committed the charged offenses. It based this finding on the details presented about the offense,

that the responding police officers were able to confirm many of the victims' statements about the offense.  The court also considered defendant's criminal history, and the synopses of defendant's other recent offenses.

¶ 11    The trial court also determined that there were no conditions of release that could assure the safety of the victims specifically or the community.  The court noted that defendant had been on various conditions of pretrial release, and he had repeatedly violated those conditions.  His behavior was consistently dangerous and violent, and his interactions with police officers were consistently troubling and dangerous.

¶ 12    Defendant timely appeals the trial court's November 7, 2023, detention order.  Defendant elected to stand on his notice of appeal.  On January 16, 2024, the State filed its memorandum opposing defendant's arguments.

¶ 13                                II. ANALYSIS

¶ 14    In his notice of appeal, defendant requests that we reverse the trial court's judgment and deny the State's verified petition to detain.  Defendant checked the boxes regarding whether the State sufficiently proved that he likely committed the charged offenses and whether the State sufficiently proved no conditions of release could mitigate the threat posed by defendant.  Defendant provided brief elaboration for both issues.  First, defendant argues that the victims' "statement should not be relied upon" because they falsely claimed to reside at defendant's residence.  Next, defendant argues, conclusorily, that "electronic home monitoring or a no contact condition between [defendant] and the complaining witnesses" "could mitigate any threat" defendant posed.

¶ 15    Our review of these contentions proceeds under a bifurcated standard of review.  We review the trial court's factual findings to determine whether they are against the manifest weight

of the evidence. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. We review the court's ultimate determination for an abuse of discretion. *Id.*

¶ 16 Turning to whether the State sufficiently proved that defendant likely committed charged offense, we conclude the trial court's determination was not against the manifest weight of the evidence. The State proceeded by way of proffer. Defendant correctly points out that the complaining witnesses/victims made the false claim to the police that they resided with defendant at defendant's residence. However, the police were able to personally observe many corroborating details that lent credence and credibility to the victims' accounts of the offense. Specifically, there was a recording of the events, and the police viewed the recording. On it, defendant is heard saying that Nilles would not be allowed to leave. The victims consistently described the altercation and defendant's actions. The circumstances of the crime, therefore, were borne out by the personal observations of the police despite the false claim by the victims that they resided with defendant at defendant's residence. We cannot conclude that the court's determination was against the manifest weight of the evidence.

¶ 17 We further note that defendant challenged only the account of the offense in this case. The State also provided synopses of six other cases, all occurring from June through October 2023. In these cases, defendant was charged with violent, drug- or alcohol-fueled conduct, resisting police officers, and conduct that was threatening to Nilles and another individual who had secured an order of protection against defendant. While there is ample evidence to support the victims' account, these synopses further demonstrate that defendant has embarked upon a course of violent and dangerous conduct, culminating in the charges in the instant case. We therefore conclude that the court could properly consider the circumstances of this case and the other six cases in determining whether defendant should be detained on the charges in this case.

¶ 18    Relatedly, defendant contends that the State failed to prove that there were no conditions that could mitigate the real and present threat posed by defendant. Defendant's conduct, as demonstrated in the six cases charged between June and October 2023, all exhibit violence or refusal to conform to previous court orders. Defendant had been on pretrial release with various conditions, yet the six charged offenses demonstrate that the conditions were not mitigating the threat posed by defendant. Indeed, the six other offenses demonstrate that defendant's conduct had been dangerous to others, and the circumstances of the instant offense demonstrate that defendant posed a real and present threat to Nilles and Fortner. We cannot say that the trial court's determination that no conditions would mitigate defendant's threat to the victims or community was against the manifest weight of the evidence.

¶ 19    Finally, the trial court considered the evidence presented against the proper standards. Based on this record, which demonstrates that defendant and the victims were antagonistic, that defendant was using alcohol and drugs resulting in violent outbursts, that defendant was unable to conform to the conditions of pretrial release in other offenses, and defendant was charged with new offenses while previous charges remained pending, we cannot say that the trial court abused its discretion in granting the State's petition to detain.

¶ 20                                    III. CONCLUSION

¶ 21    For the foregoing reasons, we affirm the judgment of the circuit court of Kane County.

¶ 22    Affirmed.